UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

Rickee L. Teigen,

        Plaintiff,

v.

Gregg Yates, Geoffrey M. Lochansen,
Todd Kale, Tom Spackman, Scott Kipp,
Duane Newsom, Lance M. Hardenburg,
Kenny Steven, and Jason T. Campbell,

        Defendants.

File No: CIV 16-3032

**SEPARATE ANSWER OF
DEFENDANT LANCE M.
HARDENBURG**

        COMES NOW, Defendant Lance M. Hardenburg, and for his Separate Answer to Plaintiff's Complaint, states and alleges as follows:

        1.     This answering Defendant specifically denies each and every matter, allegation and thing in Plaintiff's Complaint except as specifically admitted or otherwise answered.

        2.     This answering Defendant, upon information and belief, admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 9, and 10 of Plaintiff's Complaint.

        3.     Defendant admits Paragraph 8 of Plaintiff's Complaint.

        4.     As to Paragraph 11 of Plaintiff's Complaint, this answering Defendant restates and realleges his responses to Paragraphs 1-10 of Plaintiff's Complaint as set forth above.

5.      With respect to Paragraphs 12 and 13 of Plaintiff's Complaint, this answering Defendant states that he is without sufficient knowledge or information to either admit or deny these allegations.  To the extent a response is required, these allegations are denied and the Plaintiff is held to his strict burden of proof thereof.

6.      With respect to Paragraphs 14, 15, 16, 17, and 18 of Plaintiff's Complaint, this answering Defendant admits only that he was part of a group hunting pheasants on or about the date and place set forth in Plaintiff's Complaint, and further admits that Plaintiff was working as a guide for the group of pheasant hunters, including this answering Defendant.

7.      With respect to Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, and 27 of Plaintiff's Complaint, this answering Defendant admits only that prior to hunting the group of hunters was given safety instructions, which included that everyone was to wear safety glasses.

8.      With respect to Paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 of Plaintiff's Complaint, this Defendant admits only that an incident happened in which Plaintiff claimed he had been shot in the eye while hunting with the group.  This answering Defendant specifically states that he did not discharge his firearm at or about the time the Plaintiff claims he was shot.

9.      With respect to Paragraphs 38, 39, 40, 41, and 42 of Plaintiff's Complaint, this answering Defendant specifically denies any negligence or other fault on his part with respect to the subject incident, and further denies the nature and extent of Plaintiff's

2

alleged injuries and damages and, therefore, puts Plaintiff to his strict burden of proof thereof.

10.    As to Paragraph 43 of Plaintiff's Complaint, this answering Defendant restates and realleges his responses to Paragraphs 1-42 of Plaintiff's Complaint as set forth above.

11.    This answering Defendant further denies all of the allegations contained in Plaintiff's First Cause of Action (Paragraphs 44-54) of Plaintiff's Complaint to the extent negligence is claimed on the part of this answering Defendant, and further denies any and all liability for Plaintiff's claimed damages, and, therefore, puts Plaintiff to his strict burden of proof thereof.

12.    As to Paragraph 55 of Plaintiff's Complaint, this answering Defendant restates and realleges his responses to Paragraphs 1-54 of Plaintiff's Complaint as set forth above.

13.    This answering Defendant denies all of the allegations as set forth in Plaintiff's Second Cause of Action (Paragraphs 56-61) of Plaintiff's Complaint and, therefore, puts Plaintiff to his strict burden of proof thereof.

14.    As to Paragraph 62 of Plaintiff's Complaint, this answering Defendant restates and realleges his responses to Paragraphs 1-61of Plaintiff's Complaint as set forth above.

15.    This answering Defendant specifically denies the allegations set forth in Plaintiff's Third Cause of Action (Paragraphs 63-65) of Plaintiff's Complaint and, therefore, puts Plaintiff to his strict burden of proof thereof.

## **AFFIRMATIVE DEFENSES**

For his Affirmative Defenses, Defendant Lance M. Hardenburg states and alleges as follows:

16.    Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted; specifically including, but not limited to, the second and third causes of action set forth in Plaintiff's Complaint.

17.    Plaintiff's claims are barred by his contributory negligence, which was more than slight.

18.    Plaintiff's claims are barred by his assumption of the risk.

19.    Any damages sustained by Plaintiff were solely the result of the conduct of third persons or entities over whom this answering Defendant had no control and for whose conduct this answering Defendant is neither responsible nor liable.

20.    Any damages sustained by Plaintiff were caused in whole or in part from his own failure to mitigate damages.

21.    Plaintiff's claims may be barred due to a superseding or intervening cause.

22.    States that this answering Defendant is without sufficient information to form a belief as to the nature and extent of the Plaintiff's damages and, therefore, denies the Plaintiff's damages allegations.

23.    This answering Defendant reserves the right to amend his Answer or to otherwise assert additional affirmative defenses disclosed through further investigation and discovery.

WHEREFORE, Defendant Lance M. Hardenburg requests that Plaintiff's Complaint be dismissed with prejudice and on the merits, and that Defendant Hardenburg have judgment entered in his favor, together with his costs and disbursements and such other and further relief as the Court deems just and equitable under the circumstances.

**Defendant Lance M. Hardenburg hereby demands trial by jury on all questions of fact.**

ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, P.A.

Dated: August 16, 2016          s/Blake W. Duerre
Blake W. Duerre
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214
P: (612) 339-3500
F: (612) 339-7655
bwduerre@ArthurChapman.com

*Attorneys for Defendant*
*Lance M. Hardenburg*

5